IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerel Marquis Heriot, ) | C/A No.: 3:21-2217-SAL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND NOTICE |
| Anthony Lee Safrit; Tre ) | |
| Thompson; Nelson Rosario; ) | |
| Leshawn Darnell Green; Derrick ) | |
| Wade; Jacob Dennis, Jr.; Monica ) | |
| Jezzrica Dennis; and Melted ) | |
| Whiskey Bar, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Jerel Marquis Heriot ("Plaintiff"), proceeding pro se, filed this complaint against Melted Whiskey Bar ("MWB"), its owner, Tre Thompson, MWB security guards Anthony Lee Safrit, Leshawn Darnell Green, Derrick Wade, Jacob Dennis, Jr., and Monica Jezzrica Dennis (collectively "MWB defendants"), and Investigator Nelson Rosario ("Investigator"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual Background

Plaintiff alleges on February 2, 2020, at approximately 3:00 a.m., he was involved in a fight at MWB, which escalated into a shootout. [ECF No. 1 at 10]. Plaintiff claims Safrit, a security guard at MWB, shot Plaintiff in the foot during the fight, before leaving the scene "to get rid of the handgun." *Id.* Plaintiff alleges Green misled the police in a false police report, resulting in "Safrit escaping arrest." *Id.* at 12.

Plaintiff alleges Investigator did not perform a thorough investigation and arrested him "under a perjured and incriminating testimony," leading to Plaintiff's detention. *Id.* at 11. Plaintiff was later advised by his defense attorney that Safrit was not "SLED certified" to be a security guard or licensed to carry a firearm. *Id.* at 10. Plaintiff seeks over 15 million in damages.

II.  Discussion

A.   Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis

either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B.  Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to

3

determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in her pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191 F.3d at 399 (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question pursuant to 28 U.S.C. § 1331; and (2) diversity of citizenship pursuant to 28 U.S.C. § 1332. The allegations contained in the instant complaint do not fall within the scope of either form of this court's limited jurisdiction.

The essential allegations contained in Plaintiff's complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the extent Plaintiff is attempting to bring a civil rights claim pursuant to 42 U.S.C. § 1983, such claims against MWB Defendants fail because Plaintiff has not shown MWB Defendants are state actors. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982) (finding purely private conduct is not actionable under § 1983). As to Investigator, Plaintiff's claim that he was arrested under perjured testimony is insufficient to show Investigator violated Plaintiff's constitutional rights, as opposed to negligently conducting the investigation.

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Plaintiff's

complaint fails to allege complete diversity of citizenship pursuant to § 1332(a). Accordingly, the court has no diversity jurisdiction over this case.

Because Plaintiff has not shown that the court has either diversity or federal question jurisdiction over his claims, his complaint is subject to summary dismissal.

Accordingly, it appears Plaintiff's claims are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her complaint by filing an amended complaint within 21 days of this order, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint by August 13, 2021, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the court will recommend to the district court that the claims be dismissed.

IT IS SO ORDERED.

July 23, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

7